# IN THE SUPREME COURT OF IOWA

No. 15 / 07–1388

Filed February 15, 2008

IN THE INTEREST OF S.L.P. and J.A.P.,

Minor Children,

H.L.P., Mother,

Appellant,

M.J.P., Father,

Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Johnson County, Marsha M. Beckelman, Judge.

State seeks further review of court of appeals decision reversing juvenile court order terminating parental rights. **DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**

Natalie H. Cronk of Law Office of Natalie H. Cronk, Iowa City, for appellant mother.

Jacob R. Koller of Simmons Perrine PLC, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Kristin Parks, Assistant County Attorney, for appellee.

**PER CURIAM.**

The State has asked this court to review the decision of the court of appeals reversing the juvenile court's judgment terminating the rights of a mother and father to their two daughters. The appeal turns on whether the State has shown by clear and convincing evidence that the children cannot be returned to the home. *See* Iowa Code §§ 232.102, .116(1)(*f*)(4), .116(1)(*h*)(4) (2007). We vacate the court of appeals decision and affirm the judgment of the district court.

Recognizing that the parents "have been largely compliant and cooperative with services provided," the juvenile court nonetheless terminated the parents' parental rights because it concluded it was "not clear from the evidence that [the parents] will be able to provide a suitable family environment for their daughters in the future on an ongoing basis." The juvenile court was specifically concerned that the parents would not "adequately protect their children from further abuse."

On appeal, the court of appeals, with one judge dissenting, concluded "[t]he State [had] failed to show by clear and convincing evidence that the children cannot be returned home or that the problems that led to their removal have not been corrected." The court of appeals acknowledged the older daughter, S.L.P., "has some problems," but concluded "[t]here was no evidence that S.L.P. cannot or will not receive such help in her parents' care."

The record establishes that in addition to witnessing several incidents of domestic violence between her parents, S.L.P. was sexually abused while in her parents' care. Although the source of that abuse and the extent to which her parents were aware of it remains unclear, it is not subject to serious dispute that S.L.P. experienced significant trauma in her biological family and further psychological damage from

being required by her parents to keep these traumas secret. Because of S.L.P.'s extreme sexualized behaviors after removal from her parents, S.L.P. and her younger sister are in treatment level foster care. Clearly, S.L.P. remains in need of therapy, and it is critical to her future well-being that she be protected from any further trauma. We agree with the trial court's observation that "[s]he is vulnerable to future psychological problems which will be more severe if she is exposed to any further violence or abuse."

Although the parents have completed drug treatment, maintained a clean and safe home, obtained consistent employment, attended marital and individual counseling, and attended all visitations, they have not completely acknowledged the abuse and violence to which their daughter was subjected. The father continues to minimize the dangers to his children of being unsupervised while in his care, and the mother's personality is such that she is easily influenced by her husband. Moreover, a psychological report stated that the mother's "borderline impaired cognitive abilities may make it difficult for her to understand the impact of her behaviors on her children" and her "low intellectual abilities and dependence may impair her ability to protect herself and her children from abusive behaviors if they occur in the future."

Neither parent appreciates the necessity of aggressively protecting their children from harm, even though S.L.P.'s future well-being depends on exactly that. In the absence of this critical insight, S.L.P.'s younger sister is at risk to experience the same type of abuse and trauma sustained by S.L.P.. Consequently, notwithstanding the progress the parents have made in other areas, without an understanding of the importance of protecting their daughters from further trauma, they are not in a position to resume care of their children.

We agree with the district court that the State has met its burden to prove by clear and convincing evidence that the children cannot be returned to their parents' care, and that the parents' rights should be terminated. Accordingly, we vacate the court of appeals decision and affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**

This opinion shall not be published.